Per Curiam.

The evidence in this ease is insufficient to establish the creation of any trust relationship between plaintiff and defendant Lorbeer with respect to the real properties involved herein. At most, the proof shows that plaintiff loaned money to said defendant to assist him in purchasing real properties. These loans were in large part repaid. The existence of any specific debit balance in plaintiff’s favor is uncertain upon the present proof. Plaintiff may have hoped to share in Lorbeer’s investment because of their close relationship, but the proof falls far short of showing that the properties were to be held in trust for her. In fact, the acceptance of repayments of the advances as well as other factors indicate that no joint venture was involved. Plaintiff’s story that the checks showing repayment were cashed by her and the proceeds given to Lorbeer is discredited by the proof that the proceeds of at least one check went directly into her savings bank account.
In the light of the evidence adduced upon the trial there was no justification for awarding judgment subordinating the title of defendant Barefield, an innocent purchaser, to that of plaintiff as to one of the properties involved.
The judgment should be reversed, with one bill of costs to appellants Lorbeer and Maey Place Realty Corp. and a separate bill of costs to appellant Barefield, and the complaint dismissed, with costs, but without prejudice to an action by plaintiff against Lorbeer to recover moneys due.
Glennon, Dore, Cohn and Callahan, JJ., concur.
Judgment unanimously reversed, with one bill of costs to appellants Roland Lorbeer and Maey Place Realty Corp. and a separate bill of costs to appellant Edward E. Barefield, and the complaint dismissed, with costs, but without prejudice to an action by plaintiff against Roland Lorbeer to recover moneys due. Settle order on notice.